UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

SIGURD A. SORENSON,

         Plaintiff,

   -against-

STANLEY WOLFSON,

         Defendant,

-----------------------------------------------------x

:

10 CV 4596 (JGK)

 

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
WOLFSON's MOTION FOR SANCTIONS PURSUANT TO
FRCP 11 FOR FILING A FRIVOLOUS MOTION FOR A
PARTIAL NEW TRIAL AND/OR TO AMEND THE COURT'S
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

 

**GORDON ASSOCIATES**
Attorneys for **STANLEY WOLFSON**
609 Kappock Street
New York, New York 10463
(646) 281-4236; Fax: (917) 460-

*Of Counsel*
Rita W. Gordon

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ III

I.  PRELIMINARY STATEMENT ................................................................... 1

II. STATEMENT  OF FACTS AND PROCEDURAL HISTORY ........................ 5

III. ARGUMENT ............................................................................................. 5

POINT I.  RULE 11 SANCTIONS SHOULD BE IMPOSED ON SORENSON FOR
FILING A FRIVOLOUS MOTION FOR A PARTIAL NEW TRIAL AND/OR
TO AMEND THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF
LAW ............................................................................................................ 5

A.  Rule 11 Provides For the Imposition of Sanctions for the
Filing of Frivolous Claim ................................................................ 5

B.  Plaintiff's Claims Are Not Warranted by Existing Law ..................... 9

1. Sorenson Failed to Exercise Reasonable Diligence .................. 11

2. Prejudice to Wolfson ................................................................ 11

3. The Interests of Justice ............................................................ 12

C.  Plaintiff's Claim Was Filed for an Improper Purpose .................. 14

D.  An Award of Attorneys' Fees Incurred by Defendant in its Opposition to
Plaintiff's Frivolous Motion and Making this Motion Is the Appropriate
Sanction ......................................................................................... 15

CONCLUSION ............................................................................................ 16

# TABLE OF AUTHORITIES

## CASES

*Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995)......................................9

*Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
622 F. Supp. 208, 214 (S.D.N.Y. 1985)...............................................10

*Clinton v. Jones,*
520 U.S. 681, 709 n.42, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ...........................5

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990)................................5, 6

*Chien v. Skystar Bio Pharm. Co.*, 2009 U.S. Dist. LEXIS 71985 (D. Conn.).................7

*Collins Dev. Corp. v. Marsh & McLennan, Inc.*, 1991 U.S. Dist. LEXIS 9735, *12
(S.D.N.Y.)(JGK)...........................................................................8

*Colliton v. Cravath,* 2008 U.S. Dist. LEXIS 74388 (S.D.N.Y.).........................6, 14

*Fleishman v. Hyman*, 2005 U.S. Dist. LEXIS 15809, at *14-15, n.3 (S.D.N.Y.)..............7

*Fioto v. Manhattan Woods Golf Enters.*, 304 F. Supp. 2d 541, 544 (S.D.N.Y. 2004).........*12*

*Fox v. Boucher*, 794 F.2d 34, 38 (2d Cir. 1986)......................................7

*Greenberg v. Chrust*, 297 F. Supp. 2d 699, 703 (S.D.N.Y. 2004)............................3

*Hoatson v. N Y Archdiocese, 2007 U.S. Dist. LEXIS 9406, at *30 (S.D.N.Y.)*............3, 6, 7

*Holmes v. Allstate Corp.*, 2012 U.S. Dist. LEXIS 24883, *45-46 (S.D.N.Y.)...............2, 3

*Huettig & Schromm, Inc. v. Landscape Contractors Council,*
582 F.Supp 1519, 1522 (N.D.Cal 1984)..............................................6

*Hutchinson v. Groskin*, 927 F.2d 722, 725 (2d Cir. 1991).....................................13

*In Re Green*, 669 F.2d 779,787 (DC Cir. 1981)...........................................15

*In Re Martin-Trigona*, 737 F.2d 1254, 1258-59, 1261 (2d Cir. 1984)......................15

*Kochisarli v. Tenoso*, 2006 U.S. Dist. LEXIS 95862, at *24(E.D.N.Y.)......................3

*Lapine v. Boehm,* 1990 U.S. Dist. LEXIS 12313, at *6 (N.D. Ill.)...............................8

*LiButti v. United States,* 178 F.3d 114, 118 (2d Cir. 1999).......................................9, 10

*Lipin v. Nat'l Union Fire Ins. Co.,* 202 F. Supp. 2d 126, 139 (S.D.N.Y. 2002)...............7, 14

*Lysiak v. Comm 'r,* 816 F.2d 311, 313 (7th Cir.1987)...............................................15

*Mayer v. Higgins,* 208 F.2d 781, 783 (2d Cir. 1953).................................................12.

*Morley v. Ciba-Geigy Corp.,* 66 F.3d 21, 25 (2d Cir. 1995)......................................2, 3

*MTB Bank v. Federal Armored Express,* 1998 U.S. Dist. LEXIS 922, 9-10 (S.D.N.Y.).....7

*Muyet v. United States,* 2005 U.S. Dist. LEXIS 10997 (S.D.N.Y.)...............................9

*O'Malley v. N. Y.  City Transit Auth.,* 896 F.2d 704, 706 (2d Cir. 1990)...................2, 6, 7

*Patel v. Lutheran Medical Ctr.,* 775 F. Supp. 592, 599 (E.D.N.Y. 1991).....................8

*Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir. 1986)............................................6

*Pentagon Techs. Int 'l Ltd. v. United States,* 172 F. Supp. 2d 464, 471 (S.D.N.Y. 2001)....2

*Reconstruction Finance Corp. v. Commercial Union of America Co*rp.,
123 F. Supp. 748, 750 (S.D.N.Y. 1954)..............................................................10

*Romeo v. Sherry,* 308 F. Supp. 2d 128, 139 (E.D.N.Y. 2004)...................................10

Ruderer v. United States, 462 F.2d 897, 899 (8th Cir.)...............................................16

*Schoenholtz v. Doniger,* 112 F.R.D. 110, 113 (S.D.N.Y. 1986)................................9, 10

*Scott v. Major,* 1990 U.S. Dist. LEXIS 2364, at *4 (S.D.N.Y.)...................................13

*Sherald v. Embrace Techs., Inc.,* 2013 U.S. Dist. LEXIS 99255 at *2-3 (S.D.N.Y.).........9

*United States v. Check,* 582 F.2d 668, 676 (2d Cir. 1978)..........................................13

*United States v. Local 1804-1, Int'l Longshoremen's Ass'n,*
831 F. Supp. 167, 169 (S.D.N.Y. 1993)..............................................................9

*United States v. Pujana-Mena,* 949 F.2d 24, 33 (2d Cir. 1991)..................................13

*United States v. Yu-Leung,* 51 F.3d 1116, 1120 (2d Cir.. 1995)..................................13

*Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985)............................15

*Vekris v. Peoples Express Airlines, Inc.*, 707 F. Supp. 679 (S.D.N.Y. 1988)..................8

*Veloz v. New York*, 1999 U.S. Dist. LEXIS 12989 (S.D.N.Y.)....................................12

## **RULES**

Fed. R. Civ. P. 11..........................................................................1-8, 14-16

Fed. R. Civ. P. 52............................................................................2, 9, 14

Fed. R. Civ. P.  59...........................................................................2, 9, 14

## TREATISES

Charles Alan Wright et al., Federal Practice and Procedure § 2859, at 302-03 (2d ed. 1995).

This memorandum of law is submitted on behalf of defendant Stanley Wolfson ("Wolfson") by his attorney, Gordon Associates, in support of his Motion for Sanctions pursuant to Fed. R. Civ. P. 11 ("Rule 11") against plaintiff Sigurd A. Sorenson ("Plaintiff" or "Sorenson") for filing a frivolous motion for a Partial New Trial and/or to Amend the Findings of Fact and Conclusions of Law made by this Court in its Decision dated March 31, 2015. (the "Motion") . [1]

## I.   PRELIMINARY STATEMENT

Sorenson, a sophisticated international and domestic commercial litigator with some twenty-three years' experience,[2] and an expertise in intellectual property law, who is now *pro se,* has engaged in an over ten-year attempt to extort, *through litigation rather than purchase*, the profits he claims he would have reaped from a real estate transaction which failed in 2005.

One by one, virtually all of his multiple claims and lawsuits have been struck down by the courts of the State of New York (both State and Federal) after an unending series of reargument motions and appeals, at an enormous cost to the judicial resources of the Court— clogging the judicial machinery at the expense of meritorious claims--as well as to Defendant, Wolfson, an elderly businessman with medical issues who has been forced to expend well over a million dollars to defend.

After five years of meritless federal litigation against Wolfson, in which Sorenson lost or withdrew every claim in this Court, now--six months after the close of a thorough, six-day Bench Trial, two years after the close of discovery, and eight months after learning that Todd Ernst ("Ernst") had medical issues which might affect his availability to testify--he has moved to "either allow into evidence the Ernst affidavits," or "re-open the trial of the action to allow Sorenson to take Ernst's testimony related to the validity of his copyright," pursuant to FRCP

---

[1] A copy of the Decision is annexed to the Declaration of Rita W. Gordon (the ("GDec.") as Exhibit ("Ex.") **"A"**.
[2] Copies of his biography from Baker & McKenzie and Saito Sorenson Lurie( http://saitosorenson.com/sigurd-sorenson.html) are attached as Exhibit **"B"** to the GDec.

59(a). Without citing any legal authority, Sorenson goes so far as to argue, in total disregard for the Federal Rules of Evidence, that **Ernst's Affidavits "were not admitted into evidence at trial but should be**." (Sorenson ("SAS") Brief ("Br") 4).

On their face, the claims Sorenson attempts to advance in his Motion—to admit the Affidavits or trial testimony of his architect, Todd Ernst, are indisputably barred by the well-settled law that (i) neither FRCP 59 nor 52(b) may be used to relitigate claims that were considered and decided by the Court; and (ii) evidence is not "newly discovered" if it was known to the party before Trial yet was not produced due to the party's lack of "reasonable diligence." Undaunted by the fatal legal impediments that foreclose him from continuing to litigate in this Court over the invalidity of his copyright registration through the improper vehicle of a Rule 59 (a) or 52(b) motion, Sorenson has improperly attempted to burden the Court with rehearing his same baseless copyright claim in a desperate attempt to misuse this Court to further delay the proceedings and harass Wolfson. Indeed, his claim that the Ernst Affidavits or testimony would **prove** the validity of his copyright registration is all the more defective since Sorenson not only failed to procure Ernst's testimony prior to Trial but also moved to quash the admission of such testimony. Thus Sorenson's attempt to re-litigate this very issue gives new meaning to the term "frivolous."

Sorenson's Motion epitomizes abusive litigation in violation of Rule 11 in that he is an experienced litigator, who clearly failed to conduct a reasonable inquiry into the viability of his pleading before actually signing it. *O'Malley v. N Y City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990). In determining whether Sorenson's inquiry was reasonable in light of the circumstances, the Court must apply a standard of "objective unreasonableness," *Pentagon Techs. Int 'l Ltd. v. United States*, 172 F. Supp. 2d 464, 471 (S.D.N.Y. 2001), and look to see

whether the attorney's conduct was objectively reasonable at the time the pleading was signed. *Holmes v. Allstate Corp.*, 2012 U.S. Dist. LEXIS 24883, *45-46 (S.D.N.Y.); see also *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995); *Greenberg v. Chrust*, 297 F. Supp. 2d 699, 703 (S.D.N.Y. 2004).

Where a court finds that claims or defenses have been asserted for the sake of harassment or some other improper purpose, or that they lack any evidentiary support, a court has the discretionary authority under Rule 11(c) to impose monetary sanctions on either the offending party or its counsel, or both. *Morley*, 66 F.3d at 24. A court may also "award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion," Fed. R. Civ. P. 11(c)(2); *Holmes*, 2012 U.S. Dist. LEXIS 24883, 45-46.

The Advisory Committee Notes accompanying the 1993 Amendments to Rule 11 describe the factors to be considered when determining whether sanctions are warranted and, if so, the type and degree of any sanction that should be imposed. Those factors include: (1) whether the improper conduct was willful, or negligent; (2) whether it was part of a pattern or activity, or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other litigation; (5) what effect it had on the litigation process in time or expense; (6) whether the responsible person is trained in the law; (7) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case. *Kochisarli v. Tenoso*, No. 02-CV-4320, 2006 U.S. Dist. LEXIS 95862, at *24 (E.D.N.Y.); *Hoatson v. N Y Archdiocese*, No. 05 Civ. 10467, 2007 U.S. Dist. LEXIS 9406, at *30 (S.D.N.Y.).

The facts of this case support sanctions under each of the above factors: (1) Sorenson's failure to conduct a reasonable inquiry as to whether his Motion is warranted under existing law

indicates a willful violation of Rule 11 (c), *Colliton v. Cravath*, 2008 U.S. Dist. LEXIS 74388, *35 (S.D.N.Y).; (2) Sorenson's filing a frivolous claim is part of a flagrant pattern of frivolous activity in this Court, *e.g.*: a) alleging diversity jurisdiction in violation of the 200-year-old time-of-filing rule; b) alleging a GBL §349 claim without standing; c) trying a fraud on the First Department claim, which this Court dismissed as barred by the Rooker-Feldman doctrine for lack of jurisdiction, which Sorenson admitted he failed to research, as well as on the merits; d) relitigating in federal court the fraudulent conveyance claim that was dismissed in State Court, for which he was sanctioned, which this Court ruled was barred by res judicata; (3) Sorenson's motion to relitigate the invalidity of his copyright claim infects his entire Motion; (4) nor is this the first time that Sorenson has been sanctioned for filing a frivolous claim, which sanctions were affirmed on appeal;[3] (5) the Motion was plainly filed to delay the resolution of 10 years of meritless litigation which burdened Wolfson as well as New York judicial system; and (6) Sorenson is an experienced litigator. Thus, all of the relevant factors are satisfied, thereby justifying sanctions.

Nor did Sorenson object to the Court's rulings at the time they were made that Ernst's affidavit statements would not be included in the Record, thus waiving his right to reopen the case to litigate this point. It is well settled that in order to preserve an evidentiary claim for appeal, a party must make a "timely objection" at trial. Fed. R. Evid. 103(a)(1).

Sorenson's baseless motion plainly is thus sanctionable under Rule 11. In compliance with the safe harbor provision of 11(c)(2), Wolfson sent Sorenson a copy of his Rule 11 motion on June 1, 2015, asking Sorenson to withdraw his current Motion, thus allowing Sorenson 21 days to do so until this Motion for Rule 11 sanctions is filed with the Court.

---

[3] See GDec. Ex **"C"** (Orders dismissing and affirming the dismissal of Sorenson's fraudulent conveyance claim in State Court and imposing and affirming sanctions on Sorenson and his counsel for filing a frivolous action).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

A full recitation of the facts underlying Sorenson's frivolous Motion is contained in the Memorandum of Law in Opposition to Plaintiff's Motion for a Partial New Trial and/or to Amend the Court's Findings of Fact and Conclusions of Law, pursuant to FRCP 59(a)(2) and 52 (b). (Def. Opp. Mem. at 6-22, attached hereto as GDec. Ex. **"D"**).

II.           **ARGUMENT**

**POINT I.      RULE 11 SANCTIONS SHOULD BE IMPOSED ON SORENSON FOR FILING A FRIVOLOUS MOTION FOR A PARTIAL NEW TRIAL AND/OR TO AMEND THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A.      Rule 11 Provides For The Imposition of Sanctions for the Filing of Frivolous Claims**

Federal Rule of Civil Procedure 11 confers on a district court the authority to exercise broad discretion in sanctioning a litigant or counsel. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990); *Pentagon Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 470 (S.D.N.Y. 2001). In pertinent part, Rule 11 (b) provides:

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)      it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)      the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3)      the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11 (b).   Rule 11 (c) authorizes the imposition of sanctions for violations of Rule

11(b). A court finding a violation or violations has the discretionary authority under Rule 11(c) to impose sanctions. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 709 n.42, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("Sanctions may be appropriate where a claim is presented for any improper purpose, such as to harass, including any claim based on allegations and other factual contentions [lacking] evidentiary support or unlikely to prove well-grounded after reasonable investigation.")(internal citations omitted).

"The purpose of Rule 11 is to "deter baseless filings in district court . . . and streamline the administration and procedure of the federal courts."' *Hoatson v. N Y Archdiocese*, No. 05 Civ. 10467, 2007 U.S. Dist. LEXIS 9406, at *29 (S.D.N.Y.) (*quoting Cooter, supra*, 496 U.S. 384, 393 (1990)), *aff'd*, 280 F. App'x 88 (2d Cir. 2008). Rule 11 imposes an "affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading' before actually signing it." *Id*. at *30 (*quoting O'Malley v. N. Y. City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990).

The filing of meritless claims by experienced counsel has been found to give rise to a "strong inference … [of] an improper purpose" in the Rule 11 context. *Colliton v. Cravath*, 2008 U.S. Dist. LEXIS 74388 at *41 n. 11 (S.D.N.Y.) (citing *Huettig & Schromm, Inc. v. Landscape Contractors Council*, 582 F.Supp 1519, 1522 (N.D.Cal 1984), aff'd, 790 F.2d 1421 (9th Cir. 1986).

Sorenson's Motion is not saved from Rule 11 sanctions by the fact that he is proceeding *pro se*. *Pro se* plaintiffs, as lawyers, are subject to the requirements of Rule 11. *See, e.g., O'Malley v. New York City Bd. Of Educ.*, 207 F. Supp. 2d 256, 259 (S.D.N.Y. 2002); *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1986) ("one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court

dockets"). Moreover, as an attorney with experience, Sorenson is fully capable of conforming

with the demands of Rule 11. As the Second Circuit has written in the context of an action

brought by an attorney proceeding *pro se*, "Courts look with disfavor on this sort of unfounded

spite action. When the litigant is an attorney, sanctions are particularly appropriate," *Fox v.*

*Boucher*, 794 F.2d 34, 38 (2d Cir. 1986), and are expressly authorized under Rule 11.  Thus,

where, as here, Sorenson is a lawyer and a litigator with decades of experience, he is certainly

not entitled to any leniency because he is appearing *pro se*.  *Chien v. Skystar Bio Pharm. Co.*,

No. 3:09-cv-149, 2009 U.S. Dist. LEXIS 71985, at *10 (D. Conn. Aug. 12, 2009) (sanctions

imposed on a *pro se* litigant who "was familiar with the law" and on notice of the possibility of

sanctions); *Fleishman v. Hyman*, No. 00 Civ. 0009, 2005 U.S. Dist. LEXIS 15809, at *14-15, n.3

(S.D.N.Y.) (because record reflected that *pro se* litigant was an attorney, the court found that the

"special consideration [applied to *pro se* parties] does not appear to be warranted" and awarded

sanctions under Rule 11).

     Sorenson's Motion is "'destined to fail based on the facts and existing precedent, and

where no reasonable argument could be advanced to change or extend the present law,'"

sanctions are appropriate. *Hoatson, supra*, 2007 U.S. Dist. LEXIS 9406, at *29 (*quoting*

*O'Malley, supra*, 896 F.2d at 706); *see also Lipin v. Nat'l Union Fire Ins. Co.*, 202 F. Supp. 2d

126, 139 (S.D.N.Y. 2002) (sanctions are appropriate "where it is patently clear that a claim has

absolutely no chance of success" (internal citation omitted).

     The law is clear that the requirements of a motion to reopen a judgment must be strictly

complied with. As one authority explained:

> The evidence must have been in existence at the time of trial, but if it was in possession
> of the party before the judgment was rendered [then] it is not newly discovered and does
> not entitle the party to relief. The rule speaks of "due diligence," and the moving party
> must show why he did not have the evidence at the time of the trial or in time to move

under Rule 59.

*MTB Bank v. Federal Armored Express*, 1998 U.S. Dist. LEXIS 922, *9-10 (S.D.N.Y.)(*citing* 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2859, at 302-03 (2d ed. 1995).

Sorenson's Motion to reopen the judgment is precisely the sort of frivolous, vexatious motion that New York courts have held violates Rule 11. For example, in denying a motion to reargue under FRCP 60(b) and 59(e), this Court (Koeltl, J.) granted defendant's motion for Rule 11 sanctions, as follows:

> Plaintiff [] filed its motion to reargue, based on the "discovery" of new evidence. **Plaintiff's own admissions concerning this evidence clearly show that it was not newly discovered**. As a result of plaintiff's motion, which is not "warranted by existing law or a good faith argument for the extension, modification, or reversal or existing law," Marsh was compelled to respond, thus incurring further attorney's fees. For this reason alone, Marsh's motion for Rule 11 sanctions is granted.

*Collins Dev. Corp. v. Marsh & McLennan, Inc.*, 1991 U.S. Dist. LEXIS 9735, *12 (S.D.N.Y.)(JGK).  See also *Vekris v. Peoples Express Airlines, Inc.*, 707 F. Supp. 679 (S.D.N.Y. 1988) (awarding Rule 11 sanctions for a groundless motion to reargue); *Patel v. Lutheran Medical Ctr.*, 775 F. Supp. 592, 599 (E.D.N.Y. 1991); *Lapine v. Boehm*, No. 89 C 8420, 1990 U.S. Dist. LEXIS 12313, at *6 (N.D. Ill.) (sanctions imposed where mere reading of relevant case law would have disclosed that motion to reconsider is improper way to raise new arguments which could and should have been brought in briefing the original motion).

Like the movants in the above-cited cases, Sorenson failed to set forth any matters or decisions which this Court overlooked and instead merely rehashed arguments previously made and decided. The obvious purpose of the motion was to burden Wolfson, who is an elderly individual with medical problems, with the additional expense of responding to the Motion. Wolfson should not have to bear the burden of defending against Sorenson's wholly vexatious

Motion to reopen the Judgment.  Nor should this Court be burdened by such motions while meritorious matters await the Court's attention.

An improper purpose can be inferred not only because Sorenson is motivated to further delay resolution of this case, which was closed by the Court on March 31, 2015, but also because he proceeded to file such a motion despite knowledge of the glaring deficiencies in his FRCP 59 and 52 Motion.  Sanctions against Plaintiff are therefore plainly warranted.

### B.    Plaintiff's Claims Are Not Warranted by Existing Law

Sorenson's claims are sanctionable because they are plainly barred in their entirety by two separate legal doctrines: **(i)** a motion under FRCP 59 or 52(b) may not be used to allow a losing party a rehearing on the merits, or to relitigate matters decided by the Court.  *Sherald v. Embrace Techs., Inc.*, 2013 U.S. Dist. LEXIS 99255 at *2-3 (S.D.N.Y.) (*citing United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y. 1993*)); Muyet v. United States*, 2005 U.S. Dist. LEXIS 10997 (S.D.N.Y.); and (ii) the movant seeking to reopen a judgment bears "the burden of establishing that its failure to produce the evidence which it now seeks to offer was not the result of its own lack of diligence."  *Schoenholtz v. Doniger*, 112 F.R.D. 110, 113 (S.D.N.Y. 1986).

Sorenson complains that

> it is fundamentally unfair to find and conclude that Plaintiff's Copyright Registration was invalid when Mr. Ernst's affidavits clearly demonstrate the contrary, when Mr. Ernst was unable to give that testimony during trial of this action only because he happened to be seriously ill and when this Court's trial ruling made it impossible for Plaintiff to call Mr. Ernst as a witness at trial." (SAS Br. 5)

Sorenson's arguments are as frivolous as they are flawed. A motion for a new trial in a nonjury case under Rule 59(a)(2), or a motion to alter or amend the judgment under Rule 52(b) (or Rule 59(e)), may only be granted in the case of "a manifest error of law, a manifest error of fact, or

newly discovered evidence." *LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999); *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995).  It is well settled that a trial court should not grant a new trial simply because, as here, "like the proverbial second bite at the apple, the losing party believes it can present a better case if afforded another chance." *LiButti*, 178 F.3d at 118-19.

Sorenson's Motion is thus unwarranted by existing law since Sorenson in effect  has moved for a rehearing on the merits of whether his copyright Registration was invalid, a matter considered by the Court based on the **vast array of evidence** in the Record as well as Sorenson's **own admissions** in his Trial Testimony concerning, *inter alia*, his conscious deletion of Ernst's copyright symbol and title block from the Plans he submitted to the Copyright Office, plans he admits were identical to those designed by Ernst from 2904-2007, the final version of which he submitted to the Copyright Office without any mention of his registered architect, Ernst.

Sorenson's Motion is unwarranted by existing law since Sorenson ignored and failed not only to cite to the stringent standard in the Second Circuit for reopening a judgment, but also ignored and failed to cite the law holding that evidence is not newly discovered if it was known to the party before Trial yet was not produced due to the party's lack of reasonable diligence.

When appraising a party's motion to reopen the record post-trial, "the court must consider (1) whether or not the moving party's failure to submit evidence was the result of its own lack of diligence; (2) the extent to which reopening the record might prejudice the nonmovant; and (3) where the interests of justice lie." *Romeo v. Sherry*, 308 F. Supp. 2d 128, 139 (E.D.N.Y. 2004) (quoting Sotheby's, 858 F. Supp. at 1288).  "Very little purpose would be served by requiring adequate and timely trial preparations and Pre-Trial Orders if a party could be afforded such relief absent a showing of due diligence." *Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner*

& Smith, Inc., 622 F. Supp. 208, 214 (S.D.N.Y. 1985); *Reconstruction Finance Corp. v.*

*Commercial Union of America Corp.*, 123 F. Supp. 748, 750 (S.D.N.Y. 1954) (denying motion

to reopen a case that been closed, which has been called a 'pernicious practice', where a party has

not shown diligence in procuring a witness); *Schoenholtz v. Doniger*, 112 F.R.D. 110, 113

(S.D.N.Y. 1986)("The Court should not utilize its discretion to grant such relief unless the

interests of justice require it, nor should any party be afforded such relief where it has not carried

its burden of establishing that its failure to produce the evidence which it now seeks to offer was

not the result of its own lack of diligence.").

Moreover, the record in this case is clear, as detailed in Wolfson's Opposition

Memorandum, at 6-14 (Doc 244,. Exhibit **"D"** to GDec.) that Sorenson failed to act with

reasonable diligence in confirming Ernst's availability and obtaining Ernst's testimony for trial.

For example,

1.    **Sorenson Failed to Exercise Reasonable Diligence**

Here, the record is clear that Plaintiff's failure to secure the testimony of Ernst was due to

his own lack of diligence due to Sorenson's deliberate, strategic choice not (i) to take Ernst's

deposition testimony during discovery, knowing that Ernst's affidavits, which he had submitted

in support of his copyright claim and in opposition to Defendants' Motion to Dismiss and

Wolfson's summary judgment motion, would not be admissible at trial; (ii) to take steps to

confirm that Ernst would be available to testify at trial following the Court's question to

Wolfson's counsel at the Oral Argument on March 14, 2014 on Wolfson's summary judgment

motion and on the challenge to Ernst's veracity raised in Wolfson's briefs and in the Joint

Pretrial Order (iii) to inform the Court between March 2014 and the final pretrial conference on

October 23, 2014 of Ernst's unavailability.  Instead, after listing Ernst as a witness in the Joint

Pretrial Order dated August 16, 2014, Sorenson soon thereafter filed an application to quash

Wolfson's subpoena compelling Ernst's testimony at trial.

### 2.   **Prejudice to Wolfson**

Reopening the Trial would prejudice Wolfson who has been defending himself against

Sorenson's frivolous claims for ten long years.  After a week-long bench trial, in which Sorenson

testified at length and was thoroughly questioned by Judge Koeltl, the Court issued a Decision

based on the documentary evidence as well as the Trial Testimony, dismissing Sorenson's

Complaint in its entirety and with prejudice. Thus Wolfson is entitled to finality and closure.

Moreover, reopening the Trial to admit Ernst's affidavits would prejudice defendant

Wolfson because. as this Court repeatedly reminded Sorenson,  he would have had no chance to

cross-examine Ernst.  Sorenson's statement that the Court should admit Ernst's testimony, when

and if he is able to testify, is no more than a delaying tactic to forestall the Court's Judgment

holding that Sorenson 's copyright registration was invalid, that he was not the author of the

Plans, and that he committed fraud on the Copyright Office, thus subjecting him to possibly

disciplinary action.

### 3.   **The Interests of Justice**

In the interests of justice, "a litigant seeking to reopen the proof must proffer

evidence "which was not available, or by the use of reasonable diligence could have been

available for use at the original trial." *Mayer v. Higgins*, 208 F.2d 781, 783 (2d Cir. 1953). Thus,

the policy permitting a party to "cure" a defect in proof must be balanced against the need for

judicial economy. *Fioto v. Manhattan Woods Golf Enters.*, 304 F. Supp. 2d 541, 544 (S.D.N.Y.

2004). "Judicial economy is best served by having the plaintiff present all admissible evidence

the first time around, not by having a "practice trial" or "moot court" and then starting over again

to allow plaintiff to fill in evidentiary omissions." *Id.* at 545.

Sorenson has failed to meet any of the aforementioned burdens. His motion papers fail to demonstrate that the Court overlooked any controlling decisions or factual matters that were put before it in the underlying case. In addition, Ernst's affidavits and/or his testimony thereon are not "newly discovered evidence" because due diligence would have yielded such information had Sorenson sought to obtain it prior to Trial. *Veloz v. New York*, 1999 U.S. Dist. LEXIS 12989, *8 (S.D.N.Y.).

Thus Sorenson's claim that, absent Ernst's testimony and/or affidavits, he is unable to prove his case lacks merit because (i) such evidence would not alter the Court's Conclusions, and (ii) Sorenson failed to exercise due diligence to obtain it.

Nor did Sorenson object to the Court's rulings that Ernst's affidavit statements would not be included in the Record, thus waiving his right to reopen the case to litigate this point. It is well settled that in order to preserve an evidentiary claim for appeal, a party must make a "timely objection" at trial. Fed. R. Evid. 103(a)(1). *United States v. Yu-Leung*, 51 F.3d 1116, 1120 (2d Cir.. 1995). "To be timely, an objection . . . must be 'made as soon as the ground of it is known, or reasonably should have been known to the objector.'" *Hutchinson v. Groskin*, 927 F.2d 722, 725 (2d Cir. 1991) (quoting *United States v. Check*, 582 F.2d 668, 676 (2d Cir. 1978)); *see also United States v. Pujana-Mena*, 949 F.2d 24, 33 (2d Cir. 1991) (discussing considerations in determining timeliness of trial objections). Here, despite the Court's rulings on the first day of Trial, and thereafter, that the statements in Ernst's Affidavits were inadmissible and that Sorenson could not get them in "through the back door," Sorenson failed to lodge an objection, thus constituting waiver of his right to reargue or appeal the issue. *Id.*

Instead, Sorenson waited to lodge an objection over four months after the close of Trial

until the Court issued its Decision on March 31, 2015, dismissing his claims with prejudice. Thus, the interests of justice—due to the prejudice that would result to Wolfson for having to defend at a new trial, and the fact that Sorenson was not diligent in procuring Ernst's testimony--would be ill-served if Sorenson's Motion is granted.

Here, after five years of prosecuting largely meritless claims against Wolfson in this Court, all of which were either dismissed with prejudice or withdrawn as meritless, Sorenson essentially seeks "a rehearing on the merits with regard to issues already decided." *See Griffin Ins., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). Nor, in this Court's thorough 48-page Decision following a week-long trial, did the Court overlook controlling law or factual matters warranting a different outcome

Moreover, a new trial would not comport with the interests of judicial economy, especially in view of Sorenson's history of "just ignoring deadlines" and the burden imposed on the Court in the time this Court has expended in ordering Sorenson to comply with its Orders.

## C.   Plaintiff's Claim Was Filed for an Improper Purpose.

Moreover, Plaintiff should be sanctioned under Rule 11(b)(1) because he is charged with knowledge that "filing the paper constituted wrongful conduct, e.g. the paper made false statements or was filed for an improper purpose." *Lipin, supra,* 202 F. Supp. 2d at 140 (internal quotations omitted). An improper purpose, such as bad faith or an intent to delay and harass, "can be inferred 'when legal doctrines . . . clearly foreclose relitigation.' Id. (*quoting Scott v. Major*, No. Civ. 690, 1990 U.S. Dist. LEXIS 2364, at \*4 (S.D.N.Y.), aff'd, 923 F.2d 844 (2d Cir. 1990)). Because Plaintiff should have been able to determine that the claims in his Motion were inappropriate under either FRCP 59 or 52, he should be sanctioned.

-14-

D. **An Award of Attorneys' Fees Incurred by Defendant in its Opposition to Plaintiff's Frivolous Motion and Making this Motion Is the Appropriate Sanction**

Rule 11 provides the Court with a variety of possible sanctions, including directing payment to the movant of reasonable attorneys' fees and other expenses incurred as a result of the violation. Fed. R. Civ. P. 11 (c)(4). *See also Colliton v. Cravath*, No. 08 Civ. 0400, 2008 U.S. Dist LEXIS 74388, at *42 (S.D.N.Y.).

On June 1, 2015, Defendant served Plaintiff with a copy of this Rule 11 motion, at least 21 days prior to filing this motion with the Court. Plaintiff has thus had ample time to consider the frivolous nature of his Motion and to withdraw it. As Plaintiff has not done so, sanctions should be awarded in the full amount of attorneys' fees and costs incurred by Wolfson in opposing Sorenson's Motion and in prosecuting this Rule 11 Motion.

In addition, where, as here, Sorenson has deliberately engaged in an abusive proliferation of litigation for an ulterior purpose, the court may issue an injunction restricting Sorenson's ability to continue burdening the Court and harassing Wolfson. Courts in this and other circuits have been required to respond to prolific *pro se* litigants, to fashion a remedy to stem the flow of frivolous action. It is now well-settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice. *See, e.g., In Re Martin-Trigona*, 737 F.2d 1254, 1258-59, 1261 (2d Cir. 1984) (affirming in part district court order granting injunction against vexatious *pro se* litigant); *Lysiak v. Comm 'r*, 816 F.2d 311, 313 (7th Cir.1987) ("A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court."); *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985); *In Re Green*, 669 F.2d 779, 787 (DC Cir. 1981) (ordering district court to enjoin *pro se* litigant from filing suit without

leave of the court); *Ruderer v. United States*, 462 F.2d 897, 899 (8th Cir.), cert. denied, 409 U.S. 1031, 93 S. Ct. 540, 34 L. Ed. 2d 482 (1972) (enjoining *pro se* litigant from filing further suits relating to discharge from army).

Not only has Sorenson engaged in a pattern of frivolous filings, he has exhibited a flagrant disregard for complying with the Court's Order. For example, on November 10, 2014, the first day of trial, with regard to Sorenson's late arrival, the Court referred to Sorenson's "history of just ignoring deadlines in this case." (Trial Tr., at 3(DOC 226, Ex. **"E"** to Gordon Dec.). Sorenson's chronically dilatory conduct in this action was also addressed by this Court, inter alia, in its Decision dated July 8, 2014, in which the Court stated that Sorenson sought leave to amend and add claims and defendants "after a significant delay.... nearly four years after initiating this action and more than a year and a half after filing his Second Amended Complaint....almost a year after the close of discovery, more than six months after the defendant sought summary judgment, and only after the defendant's summary judgment motion had been resolved." (Exhibit **"F"** to Gordon Dec., Doc. 179 at 22, 24, July 8, 2014 Decision,).

Accordingly, in light of Sorenson's track record of filing frivolous claims against Wolfson, as well as ignoring this Court's Orders, thus needlessly and deliberately delaying the resolution of the case, and bearing in mind the need to protect the orderly administration of justice while preserving a party's access to judicial processes, this Court should impose sanctions against Sorenson, including Wolfson's attorney's fees for defending against Sorenson's Motion and for filing this Rule 11 Motion, and enjoin him from filing additional claims against Wolfson.

## CONCLUSION

For the reasons set forth above, Wolfson respectfully requests that the Court issue an order (1) awarding as Rule 11 sanctions Defendant's attorneys' fees and expenses incurred in its

motion in opposition to Sorenson's instant Motion for a Partial New Trial and to Amend and/or

Alter the Court's Findings of Fact and Conclusions of Law in its 48-page Decision dated March

31, 2015, after a six-day Bench Trial, and incurred in connection with this Rule 11 Motion, and

(2) granting any other sanctions and such other and further relief as the Court deems proper.

Dated: June 23, 2015
      New York, New York

                GORDON ASSOCIATES
                By:_____s/s_____
                Rita W. Gordon (RG4077)
                609 Kappock Street
                New York, New York 10463
                (t) 646-281-4236; (f) 917-460-
                ritawgordon@yahoo.com
                Attorney for Defendant
                **Stanley Wolfson**