**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**SIGURD A. SORENSON,**

                    **Plaintiff,**              **10 Cv. 4596 (JGK)**

          **- against -**                       <u>**MEMORANDUM OPINION &**</u>
                                                <u>**ORDER**</u>
**STANLEY WOLFSON,**

                    **Defendant.**
_____

**JOHN G. KOELTL, District Judge:**

    Sigurd Sorenson, an attorney proceeding pro se, brought
claims against Stanley Wolfson for copyright infringement and
fraud on a state court.  After a non-jury trial, the Court
dismissed both claims with prejudice.  <u>See</u> <u>Sorenson v. Wolfson</u>,
No. 10cv4596, --- F. Supp. 3d ---, 2015 WL 1454498, at *11-20
(S.D.N.Y. Mar. 31, 2015).

    Sorenson now moves pursuant to Rules 52 and 59 of the
Federal Rules of Civil Procedure for the Court (1) to amend its
findings of facts and conclusions of law and (2) to reopen the
record to include Todd Ernst's testimony.  The motion is **denied**.

**I.**

    The Court has already set forth the facts and the
procedural background of this case in its prior opinion,

1

familiarity with which is assumed.  The following facts are included because of their relevance to this motion.

Bridge Capital Corporation ("Bridge Capital"), of which Wolfson is the sole shareholder, hired Todd Ernst to design architectural plans for condominium units in a building owned by Bridge Capital (the "Building").  Sorenson agreed to purchase three units in the Building from Bridge Capital.  In 2004, Sorenson also hired Ernst to create plans for the units that he wished to purchase.  Sorenson, 2015 WL 1454498, at *1–3

The deal between Sorenson and Bridge Capital fell through. Id. at *3.  Sorenson then brought various claims against Wolfson in this Court.  Three claims survived Wolfson's motion for summary judgment: fraudulent termination of a contract, fraud on a court, and copyright infringement of architectural plans.[1]  Id. at *10.

In Wolfson's motion for summary judgment, he argued that Ernst—not Sorenson—authored the plans in dispute.  Thus, Wolfson reasoned, Sorenson was not the author or owner of any copyright. Sorenson submitted an affidavit from Ernst in response.  Ernst's affidavit stated: "Neither I nor my company nor my employees has ever owned a copyright in the Plans.  Neither I nor my company

---

[1]    Sorenson abandoned the fraudulent termination claim on the second day of trial.  Id. at *11.

nor my employees authored or came up with the ideas for the Plans." Sorenson Oct. 4, 2013, Decl. Ex. 4.

The Court concluded that Ernst's affidavit raised a disputed issue of material fact and denied Wolfson's motion for summary judgment on the copyright claim.  March 14, 2014, Hr'g Tr. 25-26.

Neither party deposed Ernst.  At the final pre-trial conference, Sorenson represented that Ernst was ill and could not testify at trial.  Oct. 23, 2014, Hr'g Tr. 17-18.  Sorenson also represented that he would provide an affidavit from Ernst's doctor stating (a) whether Ernst would be available to testify and (b) if not, when he would be available to testify.  Id. at 17-19.

Wolfson then moved to depose Ernst, Dkt. No. 213, which Sorenson opposed.  The Court explained that it would "assure that the testimony of Mr. Ernst is received at trial whether in person, or by videotaped deposition in lieu of trial testimony, if testimony in court is not physically possible, provided only that the doctors do not state that any such procedure is not medically possible. This is not a discovery deposition but is necessitated by Mr. Sorenson's recent representations about Mr. Ernst's unavailability to appear in Court."  Dkt. No. 215.

After Sorenson failed to provide an affidavit from Ernst's doctor, the Court ordered that the "defendant should serve a

subpoena for Mr. Ernst's testimony." Dkt. No. 217. Sorenson moved to quash the subpoena, having finally obtained an affidavit from Ernst's doctor. Trial Tr. 3-4. The Court granted the motion. Trial Tr. 6-8. Ernst did not testify at trial, and his affidavit was not admitted as evidence because it was hearsay.

After a bench trial, the Court dismissed Sorenson's claims with prejudice. As to the copyright claim, the Court concluded that Sorenson was not an author of the architectural plans, that Sorenson committed fraud on the Copyright Office, and that Sorenson failed to prove that Wolfson had infringed the alleged copyright. Sorenson, 2015 WL 1454498, at *11-18. As to the fraud-on-the-court claim, this Court concluded that the Rooker-Feldman doctrine prevented the Court from asserting jurisdiction over that claim because Sorenson sought to have this Court overturn a state court judgment. Id. at *18-19. The Court also found that the fraud-on-the-court claim was without merit. Id. at *19.

The Court issued the Opinion and Order on March 31, 2015. Dkt. No. 236. The Judgment was entered on April 1, 2015. Dkt. No. 237. Sorenson filed this motion on April 29, 2015. Dkt. No. 238.

4

## II.

The motion is without merit.

### A.

Sorenson first moves for the Court to amend its findings pursuant to Rule 52(b).  He alleges that the Court misconstrued his testimony and seeks to have the Court construe his testimony in a way beneficial to him.  The argument is unpersuasive.

"The purpose of post-judgment motions under Rule 52(b) is to give the district court an opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence."  United States v. Local 1804-1, Int'l Longshoremen's Ass'n, 831 F. Supp. 167, 169 (S.D.N.Y. 1993).  "Moreover, a Rule 52(b) motion should not be granted where the proposed additional findings of fact are not material to the district court's conclusions."  Id. at 176.

First, the proposed amendment is not material to the Court's conclusions.  It is clear that Sorenson selectively altered the plans he submitted to the Copyright Office and that he failed to list Ernst as an author.  Sorenson, 2015 WL 1454498, at *13–14.

Second, the Court did not misconstrue Sorenson's testimony.  When explaining why he deleted Ernst's title block and the copyright symbol from the plans he submitted to the Copyright Office, Sorenson testified: "But you have to understand, your

Honor, there was no -- I was not, I was just going -- there was
no attempt to pretend like this was not Todd Ernst's AutoCAD
file that I received from him, vis-a-vis the plaintiff." Trial
Tr. 118.

Sorenson insists that he was referring to Wolfson, not the
Copyright Office.  But the testimony was in response to the
Court's question about why Sorenson altered the plans that he
submitted to the Copyright Office.  Trial Tr. 117.  Sorenson's
testimony that he did not intend to deceive Wolfson was
therefore irrelevant and specious.  Thus, the Court found that
it is "impossible to understand how the Copyright Office" would
know that Sorenson had altered the plans created by Ernst.
Sorenson, 2015 WL 1454498, at *7.  And whether Sorenson deceived
the Copyright Office was the relevant issue for Sorenson's
copyright claim.

Sorenson also contends that Ernst's contributions to the
plans were not copyrightable.  The Court explained in detail why
Ernst—not Sorenson—was the author of the plans.  Sorenson, 2015
WL 1454498, at *11–14.  Sorenson has failed to show that there
were any issues of fact or law that the Court overlooked.  While
Sorenson disagrees with the Court's decision, that is not a
basis to amend the Court's findings of facts and conclusions of
law or alter the Judgment.

**B.**

Sorenson next moves pursuant to Rule 59(a)(2) to reopen the
record to allow testimony from Ernst or to admit an affidavit
from Ernst.  This application is frivolous.

Federal Rule of Civil Procedure 59(a)(2) provides that
"[a]fter a nonjury trial, the court may, on motion for a new
trial, open the judgment if one has been entered, take
additional testimony, amend findings of fact and conclusions of
law or make new ones, and direct the entry of a new judgment."
A court may grant a Rule 59(a)(2) motion if "(1) the court has
made a manifest error of law, (2) the court has made a manifest
error of fact, or (3) there exists newly discovered evidence.
If the motion is based on newly discovered evidence, the
evidence must have been unknown to the movant at the time of
trial, and the movant must have been excusably ignorant of the
facts—meaning that the facts could not have been discovered by a
diligent search."  In Design v. Lauren Knitwear Corp., No.
87cv0206, 1992 WL 42911, at *1 (S.D.N.Y. Feb. 24, 1992)
(internal citation omitted).

Sorenson appears to allege that Ernst's testimony is newly
discovered evidence.  It is not.  Sorenson filed this suit in
2010, and he was well aware of Ernst's role in drafting the
plans.  See Ope Shipping, Ltd. v. Underwriters at Lloyds, 100

7

F.R.D. 428, 432 (S.D.N.Y. 1983).  At any time in the course of this case, Sorenson could have deposed Ernst and preserved his testimony for trial.  He failed to do so.

Nor were Sorenson's efforts at preserving Ernst's testimony "diligent."  Although Ernst's illness was unexpected, Sorenson had five years to depose Ernst.  He chose not to do so.  See, e.g., Martinez v. Wawona Frozen Foods, 247 F. App'x 883, 884–85 (9th Cir. 2007); Lawler v. Am. Bldg. Contractors, Inc., 149 F. App'x 131, 132 (4th Cir. 2005).  Moreover, Sorenson moved to prevent Wolfson from deposing Ernst and later moved to quash Wolfson's subpoena for Ernst.

The Court also will not reopen the record to consider an affidavit from Ernst.  The affidavit was plainly inadmissible hearsay, and Sorenson suggests no exception to the hearsay rule pursuant to which the affidavit was admissible.  Although Ernst was unavailable to testify at trial, see Fed. R. Evid. 804(a)(4), Wolfson did not have a prior opportunity to examine Ernst.  See Fed. R. Evid. 804(b)(1).  Any affidavit is therefore inadmissible because it is not subject to any exception under the rule against hearsay.  See Fed. R. Evid. 802.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, they are either moot or without merit.  For the foregoing reasons, the defendant's motion is **denied**.

**SO ORDERED.**

Dated:   New York, New York
         July 7, 2015              _____/s/_____
                                         John G. Koeltl
                                   United States District Judge